D. Maimon Kirschenbaum
Leah Seliger
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**MARK KANYUK,**

       **Plaintiff,**

       v.

**SHEARMAN & STERLING LLP,**

       **Defendant.**
-------------------------------------------------------x

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Mark Kanyuk alleges as follows:

## INTRODUCTION

1. Defendant Shearman & Sterling LLP, needing to cut costs – and jobs – in the era of Covid 19, chose to start the layoffs with one of its oldest and most committed employees.

2. After dedicating twenty-five years of service to Shearman & Sterling LLP, Mark Kanyuk, 62 years old, was chosen to be the first to go during the pandemic, because he was, in their words, an "old man."

3. To cover up their true intent and likely the fact that it was engaging in COVID-19 related layoffs, Defendant informed Plaintiff *on the day of his termination* that he was accused of unethical behavior, taking kickbacks from vendors. Defendant Shearman & Sterling LLP did not

bother to tell Plaintiff who made this accusation, let alone give him an opportunity to address it. To be sure, Plaintiff *still* does not know specifically what unethical conduct he is purported to have engaged in.  His boss simply told him he was terminated and offered him two weeks of severance pay.

4. In other words, Defendant's way of thanking Plaintiff for his excellent 25-year tenure with the firm, was to (a) throw him on the street with two weeks pay in the middle of a global pandemic and (b) humiliate and lodge blatantly false accusations of "unethical conduct" against him without even bothering to elaborate on the purported allegations.

5. Defendant Shearman & Sterling LLP subsequently engaged in further cost-cutting measures on terms more favorable to younger employees, who were given the option to voluntarily take leave or reduce their hours.

## JURISDICTION AND VENUE

6. Plaintiff Mark Kanyuk brings this action against Defendant Shearman & Sterling LLP, alleging claims of discrimination in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.* and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§8-101 *et seq*.

7. This Court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, as Plaintiff is a resident of New Jersey and Defendant is a resident of New York, and the value of Plaintiff's claims exceeds $75,000.

8. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

9.      Defendant Shearman & Sterling LLP ("Defendant S&S" or the "Firm") is a Delaware limited liability company with a place of business at 599 Lexington Avenue, New York, New York.

10.     Plaintiff Mark Kanyuk ("Plaintiff Kanyuk" or "Plaintiff") resides in New Jersey and was an employee of Defendant Shearman & Sterling from in or about 1995 until his wrongful termination on April 15, 2020.

## FACTS

11.     Plaintiff Kanyuk is one of approximately 80 employees and consultants in the Global Technology Solutions ("GTS") department.

12.     Plaintiff Kanyuk is 62 years old and the second oldest employee in the department. The vast majority of the employees in the GTS department are between 30 and 50 years old.

13.     In or about 1995, Plaintiff Kanyuk joined Defendant S&S as a Senior Technical Specialist.

14.     Throughout the next 25 years, Plaintiff Kanyuk received seven promotions and raises, essentially a promotion every three years, based on his outstanding performance.

15.     In 25 years, Plaintiff Kanyuk never received a negative review.

16.     Most recently, in or about June of 2019, Defendant S&S promoted Plaintiff Kanyuk from the Senior Supervisor for Global Facilities and Infrastructure to the Manager of [Global] Facilities and Audio Visual ("Manager of Facilities and A/V").

17.     As the Manager of Facilities and A/V, Plaintiff Kanyuk managed the information technology in 24 of the Firm's offices around the world. Plaintiff Kanyuk also managed all new office buildouts with respect to the wiring and cabling for all audio, visual and data technology.

This included, among many other responsibilities, the planning and execution of the buildouts, the screening and hiring of vendors for the buildouts, and problem solving throughout the process.

18. Plaintiff further managed the Firm's seven off-site servers and was the liaison between the Firm and the vendors that provide and service the off-site data center facilities. These off-site servers, known as co-locations or data centers, make it possible for every attorney and staff member of the Firm to work remotely and access the necessary Firm files and technology.

19. Plaintiff also implemented the Firm's global strategy for card access security and continued to provide support for the Firm's Director of Security.

20. Although Plaintiff's long tenure with Defendant S&S should have been a badge of honor, Plaintiff Kanyuk often experienced ridicule for his long-term dedication.

21. David Lampert, Director of User Experience and Plaintiff's direct supervisor, frequently referred to Plaintiff as "old man."

22. Upon information and belief, Mr. Lampert is in his 40s.

23. Other coworkers often noted Plaintiff's employee ID number, which indicates how long ago Plaintiff was hired, with jokes about his age.

24. Plaintiff did not complain about these taunts, as he stayed focused on his substantial workload.

25. On April 15, 2020, Plaintiff Kanyuk received a conference call from Lawrence Baxter, the Firm's Chief Technology Officer, and Maureen O'Malley, Defendant S&S's Director of Human Resources.

26. Defendant S&S informed Plaintiff that he had been accused of receiving kickbacks from vendors. Defendant S&S then terminated Plaintiff without providing any other information.

27. Defendant S&S did not provide Plaintiff a single detail about these purported allegations against him, let alone give him an opportunity to defend himself. Given Plaintiff's outstanding reputation within the Firm, Defendant S&S's failure to discuss these inflammatory allegations with Plaintiff or to give him an opportunity to defend himself indicate that they either made up the existence of the allegations or that they knew the allegations were likely false.

28. Defendant S&S offered Plaintiff a meager two weeks of severance after 25 years of excellent work.

29. At the time of his termination, Plaintiff had 40 unused vacation days and had never used a sick day. Even after falling from a 6-foot ladder while facilitating one of the Firm's office buildouts, Plaintiff Kanyuk showed up for work the next day.

30. Defendant S&S's accusation was clearly a pretext for their plan to terminate their older employee in the face of the Covid 19 business downturn.

31. Plaintiff Kanyuk has suffered enormous damage to his professional reputation and has endured a debilitating amount of stress from this discriminatory termination.

### FIRST CLAIM FOR RELIEF
(New York State Human Rights Law – N.Y. Exec. Law § 296(1) –
Age Discrimination)

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33. In violation of NYSHRL, Defendant intentionally discriminated against Plaintiff on the basis of his age.

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

36. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries, and medical treatment, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York City Human Rights Law ("NYCHRL")**
**N.Y. Admin. L. §§8-101 et seq. – Age Discrimination**

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38. A copy of this Complaint will be delivered to the New York City Corporation Counsel.

39. In violation of the NYCHRL, Defendant discriminated against Plaintiff on the basis of his age.

40. As a direct and proximate result of Defendant's discrimination against Plaintiff, he has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

42. Defendant's conduct is malicious, intended to injure and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

43. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages, damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, liquidated damages, and punitive damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York            Respectfully submitted,
       May 7, 2020

                                           JOSEPH & KIRSCHENBAUM LLP

                                           By: */s/ D. Maimon Kirschenbaum*
                                                D. Maimon Kirschenbaum
                                                Leah Seliger
                                                32 Broadway, 5th Floor
                                                New York, NY 10279
                                                Tel: (212) 688-5640
                                                Fax: (212) 688-2548

                                           *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.